*100 WISDOM, Circuit Judge,
dissenting in part:
I respectfully dissent from part IIA of the majority’s opinion. In this part the Court holds that Macias’s Fourth Amendment claim was frivolous. The majority’s primary rationale is that Macias’s factual allegations about the search did not appear in his original complaint or in his response to the magistrate judge’s request that he state the facts supporting his claim. The majority acknowledges that Macias complained about the search in another part of his response to the magistrate’s questionnaire, but discounts his claim because he did not press it on the pages where the majority expected to find it. The facts Macias pleads, not the page on which he pleads them, should control.
With deference, I disagree with the majority’s statement that Macias made only a “bare allegation” of a search. Macias alleges that he was searched,[1] after a traffic stop,[2] without a warrant or probable cause,[3] by an officer he identified by name, badge number,[4] and physical description,[5] as a result of which he was not arrested[6] or charged with any crime.[7] These factual allegations are not “ ‘fanciful/ ... ‘fantastic,’ ... ‘delusional,’ ... irrational or ... wholly incredible-”[8] To describe these statements as a “bare allegation”[9] of a search is not, in my opinion, consistent with the Court’s duty to construe liberally the pleadings in Macias’s favor.[10]
The Fourth Amendment forbids unreasonable searches. Because Macias was never arrested, the police officer’s search cannot be excused as incident to arrest. It must therefore be analyzed under the framework of Terry v. Ohio.[11] If the officer lacked probable cause or a warrant for the search, he may have violated Macias’s constitutional rights and will be answerable in damages under § 1983 for the violation.[12] The Fourth Amendment and Terry provide the arguable basis in law in which Macias’s allegation of a search grounds itself. Because his complaint states a claim with an arguable basis in law, and because the facts he pleaded in support of that claim are not “fanciful” or “delusional”, I would hold that the district court *101 abused its discretion in dismissing Macias’s Fourth Amendment claim as frivolous.[13]
I respectfully dissent.

. Court’s Questionnaire to Plaintiff at 7, Rec. 26.

. Id. at 2, Rec. 21.

. Id. at 7, Rec. 26.

. Id. at 6, Rec. 25.

. Id. at 5, Rec. 24.

. Id. at 4, Rec. 23.

. Id.

. Denton v. Hernandez, 504 U.S. •-,-, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340, 350 (1992) (citations omitted).

. The precedential basis of majority’s “bare allegation" jurisprudence is unpersuasive. The majority's assertion that ”[t]he bare allegation of a search is conclusory and does not support an action under 42 U.S.C. § 1983", supra at 99, cites only Wilson v. Budney, 976 F.2d 957 (5th Cir.1992), as supporting authority. Wilson was a two-paragraph opinion that cited only Hale v. Harney, 786 F.2d 688 (5th Cir.1986), for the same proposition. Hale, however, was neither a pro se case nor an in forma pauperis proceeding, and thus was not subject to the rule that a plaintiff's allegations must he liberally construed in his favor. Wilson's analogy to Hale was ill-considered, an error the majority compounds today by extending it beyond the conspiracy context.

. Pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers”. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (internal quotations and citation omitted). They must be “liberally construed”. Id. at 10, 101 S.Ct. at 176.

. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We have repeatedly confirmed the applicability of the Terry analysis to searches for which the police lack probable cause. See, e.g., United States v. Shabazz, 993 F.2d 431, 434-35 (5th Cir.1993); United States v. Rideau, 969 F.2d 1572, 1573-74 (5th Cir.1992) (en banc).

. See, e.g., Timberlake v. Benton, 786 F.Supp. 676 (M.D.Tenn.1992).

. Gartrell v. Gaylor, 981 F.2d 254, 258-59 (5th Cir. 1993).