IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-31061
Conference Calendar

JOHN LEE CARTER,

Plaintiff-Appellant,

versus

BURL CAIN, Warden; JAMES LEBLANC;
B.C. ROGERS POULTRY, INC.; JACKSON FARMS;
DAVID MILLER CRAWFISH UNLIMITED; MICHAEL SULLIVAN;
CHARLES KLEINPETER, Director,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-139
- - - - - - - - - - -
April 15, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John Lee Carter, Louisiana prisoner No. 84791, has moved for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of certain of his civil rights claims as frivolous pursuant to U.S.C. § 1915(e)(2)(B) and the dismissal of other claims for failure to exhaust administrative remedies as required

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

by 42 U.S.C. § 1997e(a). Carter's motion to appeal IFP is GRANTED.

A prison official having certified that the average monthly deposit to Carter's account during the preceding six months is $23.33, we ASSESS an initial partial filing fee of $4.66. After payment of the initial partial filing fee to the clerk of the district court, Carter shall make monthly payments of twenty percent of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of Carter is directed to forward payments from his prisoner account to the clerk of the district court each time that the amount in his account exceeds $10 until the filing fee of $105 is paid. See id.

Carter argues in this court that his prison work assignment constitutes slave labor; that inmates assigned to the "chicken plant" at Dixon Correctional Institute are wrongly deprived of "good-time" credits; that he should be awarded punitive damages for the physical and mental stress he has suffered; and that the defendants made it impossible for him to exhaust prison administrative remedies as to his retaliation claim.

We have reviewed the record and Carter's motion for IFP and hold that the district court did not abuse its discretion by dismissing Carter's "slave labor" claim as frivolous or dismissing his retaliation claim for failure to exhaust administrative remedies. See Watson v. Graves, 909 F.2d 1549,

1552 (5th Cir. 1990); 42 U.S.C. § 1997e(a). Carter's conclusional allegation that chicken plant workers are wrongly deprived of "good-time" is insufficient to state a claim under § 1983. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). We hold that Carter's claim for punitive damages is frivolous.

Carter has failed to brief any issue with respect to the dismissal of the other claims which he raised in the district court; therefore, those claims are abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Carter's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

Carter is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. Carter is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; FEE ASSESSED; APPEAL DISMISSED; SANCTION WARNING ISSUED.