United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-11204
Summary Calendar

———————————

FRANCIS SHARPE,

       Plaintiff-Appellant,

versus

ROMAN CATHOLIC DIOCESE OF DALLAS; CHARLES V. GRAHMANN, Reverend,
His Predecessors and Successors, as Bishop of the Roman Catholic
Diocese of Dallas; WINDLE TURLEY; RANDAL MATHIS; MONTE FITE,

       Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-522-G

———————————

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francis Sharpe appeals the district court's judgment
dismissing his action under 42 U.S.C. §§ 1983 and 1985 for lack of
jurisdiction under the *Rooker-Feldman* doctrine.[1] Sharpe argues
that his federal action does not amount to an attack on the prior

———

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983);
*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

state court judgment because his federal claims are not inextricably intertwined with the merits of the state court suit.

Under the *Rooker-Feldman* doctrine, "[w]hen issues raised in a federal court are inextricably intertwined with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction to conduct such a review."[2] Although Sharpe argues that his federal suit differs from his state case because his federal complaint claims that the defendants violated his civil rights, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[3]

Sharpe's pleadings belie his argument that the *Rooker-Feldman* doctrine is inapplicable: His complaint specifically requests a declaratory judgment that certain discarded church documents belong to him and should be returned to him. The state court had previously granted summary judgment to the defendants on Sharpe's claims requesting return of the documents. Sharpe's federal action is clearly inextricably intertwined with the judgment in his prior

---

[2] *See Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) ("When issues raised in a federal court are inextricably intertwined with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction to conduct such a review." (internal quotation marks omitted)).

[3] *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

state court case.  Therefore, the district court's judgment of dismissal is AFFIRMED.

The motions to dismiss filed by defendants Turley and Fite are DENIED AS MOOT.