United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10174
Conference Calendar

CARL V. LONG,

Plaintiff-Appellant,

versus

C. TONY WRIGHT, attorney at law;
JOHN H. JACKSON, Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2697-D
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carl V. Long, Texas prisoner #1001354, has filed a motion to
proceed *in forma pauperis* (IFP) on appeal from the district
court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b).  By
moving for IFP, Long is challenging the district court's
certification that IFP status should not be granted on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Long does not address the district court's reason for dismissing his claims against C. Tony Wright, namely that Wright is not a state actor.  He also presents no nonfrivolous issue for appeal with respect to his claim against Judge John Jackson. "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986).  Moreover, the relief Long sought was in the nature of mandamus relief.  Federal courts have no power to direct state judicial officials in the performance of their functions.  See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).  Accordingly, we uphold the district court's certification that the appeal presents no nonfrivolous issues.  Long's motion for IFP is DENIED, and the appeal is DISMISSED.  See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of Long's complaint and this court's dismissal of this appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  We caution Long that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.