United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40416
Summary Calendar

———————————————

ANGEL MARTINEZ VACCA,

                              Plaintiff-Appellant,

versus

WAYNE SCOTT; GARY L. JOHNSON; KAY SHEELEY;
DARWIN D. SANDERS; RODNEY COOPER; DAWN GROUNDS;
JAMES HASSELL; ROD R. WILSON; NORRIS JORDAN;
KELLEE LANGLEY; LONA HOPKINS; JIMMIE WISE;
KELLY ROSEBERRY; CALVIN FOX; RONALD FARRINGTON;
DAVID W. PETERS; JONATHON R. RAYBURN; ZELDA GLASS;
TIA RANGE; JOHN INTERNAL AFFAIRS; JOE SKIPPER,

                              Defendants-Appellees,

_____

ANGEL M. VACCA,

                              Plaintiff-Appellant,

versus

RODNEY COOPER; RONALD FARRINGTON; DAVID W. PETERS;
JONATHON R. RAYBURN; ZELDA GLASS,

                              Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 5:00-CV-221
5:00-CV-245
---------------------

Before  JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Angel Martinez Vacca, Texas prisoner #695268, appeals the denial of his pro se amended 42 U.S.C. § 1983 complaint for failure to state a claim.  In his complaint, he raised claims of denial of access to a toilet facility, retaliation, failure to follow prison grievance procedure, and supervisory liability.

Vacca's claim that he was repeatedly denied access to a bathroom in violation of the Eighth Amendment fails.  Although Vacca averred that the defendants acted with deliberate indifference in denying him access to a bathroom because they knew of and disregarded an excessive risk to his present and future health, Vacca failed to state the nature of the risk to his present and future health.  His conclusional allegation is insufficient to give rise to a 42 U.S.C. § 1983 claim.  See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  At the most, Vacca alleged that he suffered generalized pain and discomfort, which is insufficient to state an Eighth Amendment violation.  See Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir. 1989).

Nor is Vacca's claim for emotional and mental suffering cognizable under 42 U.S.C. § 1983.  Vacca's pain and discomfort for which he apparently sought no medical treatment is de minimis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and is insufficient to support an Eighth Amendment claim. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Vacca's retaliation claim also fails. Vacca failed to allege a chronology of events from which retaliation may be plausibly inferred. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Vacca's claims that he was threatened with serious bodily injury in an effort to deny him access to the courts and that prison officials failed to follow prison disciplinary procedure are not actionable under 42 U.S.C. § 1983. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983); Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000).

Vacca's claim against Sanders fails as he has not alleged that Sanders was personally involved in a constitutional deprivation. Nor has he alleged a sufficient causal connection between Sanders's alleged wrongful conduct and any constitutional violation. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Lastly, Vacca has failed to show that the district court abused its discretion in consolidating his underlying complaint with a second 42 U.S.C. § 1983 complaint filed against Warden Rodney Cooper. Bottazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981). First, the cases were consolidated pursuant to Vacca's own motion. Second, Vacca does not contest the district court's finding that the cases arose from the same factual scenario. The judgment of the district court is AFFIRMED.