# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-61173
Summary Calendar

ABE JONES, JR

                                        Plaintiff-Appellant

v.

LARRY DYKES; ROGER EARL WILLIAMS

                                        Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:04-CV-349

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Abe Jones, Mississippi prisoner # 65170, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that the defendants conspired to deprive him of his personal property without due process by fraudulently executing an "Agreed Order of Dismissal" and unlawfully searching and seizing his property. The district court denied Jones leave to proceed IFP on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certifying that the appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP motion, Jones urges that the district court erred by granting the summary judgment motion filed by Larry Dykes and Roger Earl Williams and by dismissing his suit without an evidentiary hearing. He contends that the agreed order is invalid as his attorney assented to the order without his consent and that, consequently, res judicata does not bar his suit.

Jones does not challenge the district court's dismissal of his action against unserved defendants Anthony J. Buckley, a Jones County District Attorney, and Judge Gaylon Harper, a Jones County judge, on absolute immunity grounds. Nor does Jones challenge the district court's dismissal of his action against Jay L. Jernigan, Jones' criminal defense attorney, for failing to state a claim under § 1983 because Jernigan was not a state actor. These issues are, therefore, abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Jones presents no evidence to support his conspiracy claim against Dykes and Williams. Conclusory assertions are insufficient to give rise to a federal conspiracy claim. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Jones maintains that the seizure of his property violated his constitutional rights. If proven, Jones's claim would implicate the validity of his conviction. Such claims are not cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Jones has shown no error in the district court's dismissal of his complaint or its IFP certification. Because Jones's appeal has no arguable basis in law or fact, it is frivolous. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. 42.2.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Jones is

CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).