IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-10590
Summary Calendar

JEFF LEGGETT

Plaintiff-Appellant

v.

JAMES DUKE, Warden; CAREY COOK, Assistant Warden; STACY JACKSON, Assistant Warden; NOLAN B REYNOLDS, Maintenance Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-109

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeff Leggett, Texas inmate # 590716, appeals the grant of summary judgment for the defendants in his civil rights suit filed pursuant to 42 U.S.C § 1983 against officials at the Texas Department of Criminal Justice (TDCJ). This court reviews a grant of summary judgment de novo. Freeman v. Texas Dep't of Crim. Justice, 369 F.3d 854, 859 (5th Cir. 2004). Summary judgment is proper under FED. R. CIV. P. 56 "if the pleadings, depositions, answers to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Leggett argues that the magistrate judge erred when he granted summary judgment for the defendants on his claim that prison conditions violated the Eighth Amendment. Leggett does not address the district court's finding that 42 U.S.C. § 1997(e) precluded recovery of money damages. He has, therefore, abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Leggett argues correctly, however, that qualified immunity is not a defense to claims for declaratory and injunctive relief and that the defendants are not entitled to Eleventh Amendment immunity. See Chrissy F. by Medley v. Mississippi Dep't of Public Welfare, 925 F.2d 844, 849 (5th Cir. 1991). Notwithstanding the lack of these defenses, Leggett has not created a genuine issue of material fact regarding his entitlement to injunctive relief because the summary judgment evidence establishes that the defendants did not unreasonably disregard an objectively intolerable risk of harm. See Farmer v. Brennan, 511 U.S. 825, 846 (2004).

Leggett's argument that the magistrate judge abused his discretion when he denied Leggett a preliminary injunction is unavailing. Leggett failed to show a substantial likelihood of success on the merits of his Eighth Amendment claim or extraordinary circumstances. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 2001); White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989).

Leggett argues that he stated a retaliation claim based on his assertion that prison conditions about which he complained were in retaliation for the exercise of his First Amendment right to complain about the officials, but that the magistrate judge failed to address it. Leggett cites to his response to the defendants' motion for summary judgment. Leggett's amended complaint, however, did not allege retaliation. Even if, Leggett had properly alleged

retaliation, the defendants would be entitled to summary judgment. Leggett fails to show that he would not have been confined in Unit 7 of the Robertson Unit but for his letter writing, given the inmate affidavits he submitted to show that numerous inmates suffered the same conditions as did Leggett.

Leggett argues that the magistrate judge erred when he granted the defendants summary judgment on his equal protection claim. Leggett argues that the defendants identified him as a "writ writer" and assigned him a classification that resulted in his being placed in a more dangerous area of the Robertson Unit. As with his retaliation claim, Leggett's assertion that numerous other inmates were housed with him in Unit 7 and experienced the problems that he did belies his claim that he was singled out or that he suffered "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." Freeman v. Texas Dep't of Crim. Justice, 369 F.3d 854, 862 (5th Cir. 2004).

Leggett also argues that the magistrate judge erred when he granted the defendants summary judgment on his conspiracy claim. Leggett's conspiracy claim is conclusional and fails to show an actual violation of § 1983. See Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995); Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

AFFIRMED.