# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-20738
Summary Calendar

CLARENCE RAY HINES, SR

Plaintiff-Appellant

v.

CYNTHIA A. POPP; DANNY J LANDRUM; CHRISTOPHER M SMITH; ROBERT QUADA, are sued in their individual capacity; SUSAN L SCHUMACHER; KEITH E COOK; MICHAEL J BUTCHER; BRYAN B BUCK; KEVIN R WHEAT; RICHARD THALER; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, are sued in their individual and official capacities; JEFFERY JOHNSTON; MARCO GARZA; TRACY PUCKETT; JAY T MORGAN; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2224

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clarence Ray Hines, Sr., Texas prisoner # 377618, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 lawsuit against numerous officials at the Estelle Unit and the Texas Department of Criminal Justice. The district court's summary-judgment dismissal is reviewed de novo and will be upheld when, considering all of the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996); see also FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Hines argues that the district court improperly resolved factual disputes in granting summary judgment. However, he does not specify what disputed material factual issue was improperly resolved by the district court that would otherwise have precluded summary judgment. His conclusional assertion that there was a factual dispute is insufficient to carry his summary-judgment burden. See Little, 37 F.3d at 1075.

If his brief is liberally construed, Hines renews his claims that the confiscation of his legal papers and typewriter violated his right of access to the courts, that the defendants conspired to retaliate against him for filing grievances, and that he received false disciplinary cases. He does not brief any argument renewing his claim that the deprivation of his property violated due process, his challenge to the prison storage policies, his claim of state criminal theft, or his claims against supervisory personnel, and he has thus abandoned those claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Although he renews the argument that the confiscation of his legal papers and typewriter violated his right of access to the courts, Hines makes no argument challenging the district court's determination that the claim failed as a matter of law for lack of prejudice, nor does he otherwise assert that his position as a litigant was prejudiced in any way as a result of the confiscations. The claim was therefore properly dismissed. See Yohey, 985 F.2d at 224-25; see

also McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). To the extent that Hines now argues that his constitutional rights were violated because the defendants read his legal materials when they were confiscated, the argument will not be considered as it is raised for the first time on appeal. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Hines devotes much of his brief to the argument that the defendants retaliated against him for filing grievances complaining about the searches of his cell, contending that, contrary to the district court's conclusion, the undisputed facts demonstrate the requisite retaliatory motive because the searches of his cell, which resulted in the confiscation of his property, and the false disciplinary cases he received followed his filing of grievances complaining about the defendants. However, as the district court determined, the undisputed facts show that Hines's property was confiscated because it violated storage limits, was not his, or was contraband that he was not entitled to possess. Although Hines now argues that he had several unnamed witnesses who were willing to testify regarding the defendants' retaliatory motive, he points to no evidence establishing that, but for the allegedly retaliatory motive, the complained of acts would not have occurred, and his conclusional, speculative argument is insufficient. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The retaliation claim was properly dismissed.

To the extent that Hines's brief can be construed as renewing an independent conspiracy claim, the claim was also properly dismissed. The district court determined that Hines had not presented any evidence showing an illegal act by the defendants or any agreement by them to commit an illegal act, and Hines does not now so argue. Hines's conclusional assertion that a conspiracy existed is insufficient to carry his summary-judgment burden. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Similarly, Hines's claim that he received false disciplinary cases was properly dismissed because any

challenge to the validity of the disciplinary cases is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Hines finally contends that the district court erred in denying his requests for the appointment of counsel. However, the instant case does not present any exceptional circumstances, and Hines has not demonstrated that the denial of appointed counsel amounted to an abuse of discretion. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Hines has not demonstrated any error in the district court's judgment. Accordingly, the judgment is AFFIRMED.