# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60412
Summary Calendar

ANTHONY J HUDSON

Plaintiff-Appellant

v.

CITY OF LAUREL

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CV-179

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony J. Hudson filed a civil suit, pursuant to 42 U.S.C. § 1983, against the City of Laurel, Mississippi. He argued that the City of Laurel was liable for his false arrest and malicious prosecution which arose from a dispute with a private citizen. The district court granted the defendant's motion for summary judgment and dismissed Hudson's federal claims with prejudice. Hudson's state law claims were dismissed without prejudice. Hudson now seeks to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To proceed IFP on appeal, Hudson must show that he is a pauper, and he must raise a nonfrivolous issue. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). The record and financial affidavit submitted by Hudson in support of his motion reflect that Hudson satisfies the financial criteria to proceed IFP. However, Hudson has failed to show that he will raise a nonfrivolous issue on appeal.

The district court noted that Hudson filed his complaint against the City of Laurel and did not make allegations against Judge Cecilia Arnold in her individual capacity. The district court determined that Hudson failed to show that the City of Laurel implemented a "custom or policy" which led to the alleged deprivations of his constitutional rights. The district court thus determined that the city could not be held liable under § 1983. The district court further determined that any claims against Judge Cecilia Arnold would be barred by the doctrine of judicial immunity. Hudson does not challenge the district court's determinations or reasoning. Accordingly, he has abandoned the issues on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Hudson is incorrect in his assertion that the district court did not address his conspiracy claim. The district court determined that there was nothing in the record to show that Judge Cecilia Arnold conspired with anyone to violate Hudson's constitutional rights. Hudson's claims of a conspiracy are conclusional and insufficient to support a conspiracy claim. See Rodriguez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999); Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

Accordingly, the district court did not err in granting the defendant's motion for summary judgment and declining to exercise supplemental jurisdiction over Hudson's state law claims. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994); Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). Therefore, Hudson's request for leave to proceed IFP is DENIED and his appeal is DISMISSED AS FRIVOLOUS. See 5TH CIR. R. 42.2.