# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**F I L E D**
June 8, 2009

No. 08-20682
Summary Calendar

JACQUELINE C DU BOIS, Individually and for and on behalf of her minor son AEW,

Plaintiff-Appellant

v.

JUDY L WARNE, Individually and in her Official capacity as Judge of the 257th District Court, Harris County TX, ALLYSON NASS BRUPBACHER, Individually and in her Official capacity as Amicus for AEW appointed by the 257th District Court, Harris County TX; RONIQUE J BASTINE, Individually and in her Official capacity as an Officer of the Court of the 257th District Court, Harris County TX

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1336

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jacqueline Du Bois appeals from the district court's dismissal of her complaint raising claims under 42 U.S.C. §§ 1983 and 1985 and the denial of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for injunctive relief. Du Bois alleged that in an underlying state family court matter the state judge and two attorneys conspired to conduct, and to deprive her of proper notice of, state court proceedings. The conspiracy allegedly resulted in adverse judicial orders concerning visitation and attorneys fees to be paid by Du Bois to the amicus counsel. We AFFIRM the district court's judgment.

To avoid dismissal for failure to state a claim upon which relief can be granted, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 550 U.S. at 555, 127 S. Ct. at 1965 (quotation marks, citations, and footnote omitted).

Du Bois's individual capacity claims against Defendant Warne, the state district judge who presided over the disputed proceedings and entered the contested orders, are barred by absolute immunity because Du Bois has alleged no actions by Warne that were nonjudicial in nature. *See Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994). Immunity applies regardless whether the judge's actions were erroneous, malicious, or in excess of her authority. *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996). A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction. *Boyd*, 31 F.3d at 284. Du Bois asserts that Warne lacked all jurisdiction in this case because the state court lacked personal jurisdiction over her because she is a resident of Kansas. This amounts to nothing more than arguing that the judge's actions were improper.

To the extent Du Bois named Warne as a defendant in her official capacity, the claims are barred by the Eleventh Amendment. *See Davis v. Tarrant*

*County, Tex.*, __ F.3d __, 2009 WL 931169, at *11 (5th Cir. Apr. 8, 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."). The district court properly dismissed the claims against Warne.

Du Bois argues that Defendant Bastine's motion to dismiss was untimely because it was filed after Bastine filed her answer. This argument is without merit. Bastine sought not only dismissal for failure to state a claim but also, in the alternative, for summary judgment. *See* FED. R. CIV. P. 56; *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim).

Du Bois argues that she has repeatedly stated numerous claims upon which relief may be granted in both her original complaint and in her subsequent pleadings. However, her complaint is premised on the alleged deprivation of rights during the state court proceedings and raises nothing beyond her subjective belief that the defendants sought to violate her rights. Although Du Bois couches her claims in terms of a conspiracy, her conclusory charges are unsupported by specific factual allegations and are insufficient to state a constitutional violation under § 1983. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Du Bois alleges no factual basis tending to show that Defendants Bastine and Brupbacher conspired with Judge Warne. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Similarly, Du Bois alleges no basis for her allegation that she or her son has suffered race-based discrimination, and she failed to state an equal protection violation under § 1985. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987) ("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the *operative facts* upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." (emphasis added)).

Although Du Bois denies that she seeks review of any state court proceedings, her claims are intertwined with alleged procedural errors in the state court, including alleged lack of personal jurisdiction and insufficient notice, errors which are improperly addressed in a federal district court. *See Hale*, 786 F.2d at 691. The same reasoning applies to her claims for injunctive relief. Although immunity would not bar claims for prospective injunctive relief, Du Bois's claims here are intertwined with and necessarily implicate review of state court orders the propriety of which must be pursued in the state appellate system rather than on federal review. *See id*. The district court properly dismissed Du Bois's complaint.

AFFIRMED.