# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60434

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

JAMES WALTER CREEL,

Plaintiff-Appellant

v.

EDDIE H. BOWEN; JIM HOOD; DANIAL C. JONES; DAN A. MCINTOSH;
ALICE MEADOWS; KEITH EARL COLLINS; SHERIFF RAYBURN;
GEORGE T. HOLMES; COVINGTON COUNTY SHERIFF'S DEPARTMENT;
CITY OF COLLINS; COUNTY OF COVINGTON; STAN Q. SMITH; MAYOR
OF THE CITY OF COLLINS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:17-CV-30

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

James Walter Creel, Mississippi prisoner # 33420, was convicted in 1994
of escaping custody while under indictment for burglary and was sentenced to
life imprisonment as a habitual offender. In 2017, Creel filed a civil rights
complaint alleging numerous defects in his trial and appellate proceedings and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

asserting that he has suffered tangible injuries as a result of his wrongful conviction. *See* 42 U.S.C. § 1983. The district court dismissed the complaint for failure to state a claim and assessed a strike against Creel. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (g). Creel moves this court for leave to proceed in forma pauperis (IFP) and for appointment of counsel.

Insofar as Creel challenges defects in his state direct appeal proceedings and the factual basis for the escape conviction and seeks immediate discharge from custody, he attacks the lawfulness, rather than the conditions, of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-79, 81-82 (2005); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Because Creel's escape conviction has not been reversed, expunged, declared invalid, or otherwise formally called into question, such a complaint is not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Furthermore, Creel's vague and conclusory allegations that he suffered physical and psychological harm while in custody do not suffice to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Creel fails to raise a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Creel's motions to proceed IFP and to appoint counsel on appeal are DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.4 (5th Cir. 1997); 5TH CIR. R. 42.2. The district court's dismissal of his complaint and our dismissal of Creel's appeal each counts as a strike against him for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015). Creel is CAUTIONED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Furthermore, as

## No. 17-60434

this represents Creel's sixth attempt to challenge his 1994 escape conviction on grounds previously rejected, he is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.