# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10078

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

ROBERT H. GROSS,

      Plaintiff - Appellant

v.

JEANINE E. DANNATT,

      Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CV-53

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert Gross—a prisoner of the Federal Correctional Institution in Big Spring, Texas—brings this appeal pro se, challenging the district court's ruling dismissing his complaint against his ex-wife, Jeanine Dannatt,[1] for lack of subject matter jurisdiction. Before the marriage, the couple signed a prenuptial agreement. They later initiated divorce proceedings in state court and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Dannatt did not respond to this appeal.

No. 18-10078

according to Gross, a final divorce hearing was held "without the existence of the prenuptial agreement." The state court ultimately approved a settlement agreement between the parties—called the Final Divorce Hearing Agreement—and rendered judgment.

Gross alleges the Final Divorce Hearing Agreement contains terms "which were not authorized or allowed by the prenuptial agreement." He challenged the Final Divorce Hearing Agreement in state court, but lost both at the trial court and the appellate court. Notably, his petition to the Texas Supreme Court was pending when he filed this case.[2]

According to Gross, Dannatt is refusing to act in accordance with the prenuptial agreement, instead adhering to the Final Divorce Hearing Agreement. In light of this, Gross brought claims against Dannatt in federal court—alleging diversity jurisdiction—for breach of contract, breach of fiduciary duty, fraud, intentional infliction of mental distress, and negligent infliction of emotional distress. Gross sought $2.3 million in damages, along with punitive damages, attorney's fees, costs, and a preliminary injunction that would preserve the status quo regardless of the Texas Supreme Court's decision on the merits of his appeal.

The district court dismissed Gross's complaint, reasoning that both the *Rooker-Feldman* doctrine and the domestic relations exception bar federal jurisdiction. Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review matters "inextricably intertwined" with a state judgment. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). This doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

---

[2] It was eventually denied on December 8, 2017, almost two months later.

2

those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Contrary to the district court's conclusion, neither applies here.

The Supreme Court has repeatedly noted that the *Rooker-Feldman* doctrine is a narrow jurisdictional bar. *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam); *Exxon Mobil*, 544 U.S. at 283. It is designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257. *Lance*, 546 U.S. at 463. That exclusive jurisdiction is not triggered when the state proceedings are still on appeal. *See* 28 U.S.C. § 1257 (granting jurisdiction over "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"). Accordingly, this court has limited the application of *Rooker-Feldman* to those cases in which "a party suffered an adverse final judgment rendered by a state's court of last resort." *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).[3] Many of our sister circuits have reached the same conclusion. *See Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014) (observing that "[s]ince [*Exxon Mobil*], all federal circuits that have addressed the issue have concluded that *Rooker–Feldman* does not apply if, as here, a state-court appeal is pending when the federal suit is filed" and citing precedent from the First, Eighth, Ninth, Tenth, and Eleventh Circuits).

---

[3] We note that in a prior opinion of this court, we found that *Rooker-Feldman* barred review of a state court judgment when the state court appeal was pending at the time the federal action was filed. *Hale v. Harney*, 786 F.2d 688, 689–91 (5th Cir. 1986). But this opinion pre-dated *Exxon Mobil* and *Lance*, and the guidance we received from the Supreme Court in these cases supports *Guy*'s construal.

No. 18-10078

At the time Gross filed his complaint, his state petition for review was still pending before the Texas Supreme Court. Accordingly, *Rooker-Feldman* did not deprive the district court of jurisdiction.[4]

The district court's reliance on the domestic relations exception was similarly misplaced. As with the *Rooker-Feldman* doctrine, the Supreme Court has clarified that the domestic relations exception encompasses "a narrow range of domestic relations issues"—namely, those "involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992); *see also Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006). Various other disputes relating to or arising out of such issuances are still fair game. *Ankenbrandt*, 504 U.S. at 701–02 (noting that the exception was "not intend[ed] to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree"); *see Marshall*, 547 U.S. at 306 (the exception does not bar "federal-court authority . . . to enforce an alimony award").

Gross's complaint plainly falls into the latter category. His various claims for relief do not require the court to issue any "divorce, alimony, or child custody decrees." Instead, he raises various tort and contract claims surrounding the breach of a prenuptial agreement. These are not the sort of claims that the domestic relations exception blocks from federal court review. *Cf. Ankenbrandt*, 504 U.S. at 703–04 (concluding domestic relations exception

---

[4] Nor did the district court *lose* that jurisdiction when the Texas Supreme Court finally denied Gross's petition. *See Exxon Mobil*, 544 U.S. at 292 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."). The *Rooker-Feldman* doctrine concerns the status of things at the time of filing.

does not apply to tort claims). The district court erred in denying jurisdiction on this basis.

In light of the foregoing, we REVERSE the district court's judgment, and REMAND for further proceedings consistent with this opinion.