# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-31180
Summary Calendar

ANTOINETTE A TURNER

Plaintiff-Appellant

v.

TIFFANY G CHASE, Personally and in her Capactiy as Judge; LAW FIRM
OF SHORTY, DOOLEY, AND HALL; MICHAEL J HALL, Personally and in
Capacity as Staff Attorney for Law Firm of Shorty, Dooley, and Hall;
CHARLSEY WOLFF, Personally and in her capacity as Staff Attorney for
Law Firm of Wolff & Wolff; ANTOINE P TURNER, Personally; LAW
OFFICES OF MYLES B STEIB & JULIE A GARDNER; JULIE A
GARDNER, Personally and in Her Capacity as Staff Attorney for Law Offices
of Steib & Gardner; MYLES B STEIB, Personally and in His Capacity as
Staff Attorney for Law Offices of Steib and Gardner; LAW OFFICES OF
WOLFF & WOLFF; PAULETTE IRONS, Judge; DALE ATKINS, Clerk of
Court

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3884

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Antoinette A. Turner, proceeding *pro se* and *in forma pauperis*, appeals the district court's granting Defendants' motion to dismiss her complaint and amended complaint presenting various constitutional and civil-rights deprivations in connection with her state-court divorce proceedings.

In her original complaint, Turner sued, under 42 U.S.C. §§ 1983, 1985, and 1986: her former counsel, Michael Hall, and his law firm; her ex-husband, Antoine Turner; his former counsel, Charlsey Wolff, Julie Gardner, Myles Steib, and their respective law firms; and the presiding judge over her divorce case, Judge Tiffany Chase. Additionally, Turner made contentions pursuant to Louisiana state law under the following provisions: Louisiana Civil Code, articles 102, 103, 104, 1953, and 2315; Louisiana Code of Civil Procedure, articles 253.1, 253.2, 1561, 3952, 3953, and 5181; and Louisiana Code of Evidence, articles 103, 401, and 402.

In her amended complaint, Turner added as defendants: Judge Paulette Irons, and Clerk of the Court Dale Atkins of the Orleans Parish Civil District Court.

Judge Chase granted a divorce to Mr. Turner in Louisiana state court pursuant to Louisiana Civil Code, article 102, which provides:

> Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.
>
> The motion shall be a rule to show cause filed after all such delays have elapsed.

---

R. 47.5.4.

LA. CIV. CODE ANN. art. 102. This state-court judgment was affirmed by the Louisiana Court of Appeal, and the Louisiana Supreme Court denied a supervisory and/or remedial writ on 26 March 2008.

In her amended complaint, Turner alleged: 1) Judge Chase, Gardner, Steib, and Mr. Turner conspired together to deprive her of her constitutional rights (specifically, Judge Chase improperly failed to hold an evidentiary hearing, and ultimately granted a divorce judgment to Mr. Turner in violation of her rights); Judge Irons and Hall collusively caused a domestic abuse hearing to be transferred to Judge Chase's docket; all Defendants colluded and conspired to aid Mr. Turner's alleged scheme to defraud her out of certain community property; Wolff filed a false complaint for an order of protective custody on behalf of Mr. Turner; and, Atkins did not respond to her complaint against court personnel and did not forward the record to the state appellate court.

In the original complaint's prayer for relief, which was reasserted in the amended complaint, Turner sought the following remedies:

> 1. That judgment granting [Louisiana Civil Code article] 102 divorce is determined to be void.
> 2. That judgment granting 102 divorce is found to have been obtained by fraud.
> 3. That state court judgment granting 102 divorce is vacated.
> 4. That plaintiff is permitted to litigate her divorce petition pursuant to Louisiana article 103.
> 5. That all defendant parties actions in state court proceeding are determined to [be] a collusion in deprivation of plaintiff's constitutional rights and interest.
> 6. That state court proceeding is determined a violation of plaintiff's right under the constitution of fundamental fair trial.
> 7. All defendants acted in concert to deprive plaintiff of her property right and interest.
> 8. Defendants are found in violation of judicial procedures and state statute in the jurisdictional statement of this petition.
> 9. Plaintiff is granted all equitable and general relief proper in premise of this petition.

10. Plaintiff is awarded punitive damages as a result of defendant's misconduct.

11. All defendants are disciplined in accordance with law for their misconduct towards plaintiff in state court proceeding.

12. That a jury trial is ordered.

Defendants moved to dismiss the complaints, asserting as defenses: lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, lack of factual allegations upon which relief can be granted, and *res judicata*. Additionally, Judge Chase asserted the defense of absolute judicial immunity. Defendants Wolff, Steib, Gardner, Mr. Turner, and Hall also requested attorney's fees and costs in their motions to dismiss.

On 20 November 2008, the district court dismissed the claims against all Defendants. It noted: the *Rooker-Feldman* doctrine precluded federal district courts from exercising subject-matter jurisdiction over collateral attacks on state-court judgments, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); and, a complainant in federal court "cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief", if these claims are "'inextricably intertwined' with a state judgment". *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16). The district court further noted: constitutional questions arising in state proceedings must be resolved by the state courts, with recourse at the federal level available only through an application for a writ of certiorari to the United States Supreme Court, *see Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); and, "[t]he casting of a complaint in the form of a civil rights action cannot circumvent this rule". *Id.*

After reviewing Turner's complaint, the district court held: the complaint clearly comprised a collateral attack on the state court's judgment; accordingly, under the *Rooker-Feldman* doctrine, the federal district court had no subject-

matter jurisdiction to hear the action. *See Bell v. Valdez*, 207 F.3d 657, 2000 WL 122411, at *1 (5th Cir. 2000) (unpublished) (noting, in a civil rights action by a plaintiff against her ex-husband and the judge who presided over their state-court divorce: "[t]he *Rooker-Feldman* doctrine has frequently been used to dismiss civil rights complaints that, like [plaintiff's], are in essence challenges to state court divorce decrees"). The complaint was dismissed, and the motions by some defendants for attorney's fees and costs were denied.

Turner seeks to have her state-court divorce proceedings re-opened and re-litigated in federal court and, ultimately, seeks to nullify the state-court judgment averse to her. The dismissal of a claim for lack of subject-matter jurisdiction is reviewed *de novo*. *E.g., Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 349 (5th Cir. 2003).

The district court correctly noted this action falls squarely in the category of cases covered by the *Rooker-Feldman* doctrine: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments". *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It provided a thorough and accurate analysis of the issue, properly concluding that it lacked subject-matter jurisdiction to hear the action.

Essentially for the reasons stated in the district court's well-reasoned opinion, the judgment is AFFIRMED.