**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2009

No. 08-40357

Charles R. Fulbruge III
Clerk

ANTHONY BOYD

Plaintiff - Appellant

v.

JOE D. DRIVER, *et al.*

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Anthony Boyd, a federal prisoner, filed a *Bivens*[1] action against numerous prison employees alleging that they initiated criminal charges against him based on two October 2004 assaults between Boyd and prison staff. Boyd reported the assaults to the Bureau of Prisons Regional Office claiming that he was the victim and that video evidence corroborates his view and shows that he was handcuffed. After Boyd's report, prison employees gave statements regarding the assaults that resulted in an indictment against Boyd. He was tried and acquitted in federal court.

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Boyd's instant complaint alleges that prison employees committed perjury at his assault trial and destroyed and tampered with video evidence showing he was the victim of the assaults. He labels his cause of action as a "malicious prosecution conspiracy."

The district court granted the defendants' motion to dismiss. It ruled that Boyd could not show that the criminal action was brought against him without probable cause because records indicating that Boyd was administratively disciplined for one of the assaults, along with the fact that Boyd was indicted by a grand jury, sufficiently established the probable cause element of malicious prosecution.[2]

We review a district court's grant of a motion to dismiss *de novo*.[3] While we disagree with the district court's use of documents "outside of the pleadings," in deciding to grant the motion to dismiss,[4] we need not elaborate on that point as the malicious prosecution claim fails nonetheless. Because "the assertion of

---

[2] The district court reached the merits after declining to rule on whether Boyd had exhausted prison administrative remedies and the government now raises the exhaustion issue on appeal. The applicable exhaustion provision applies only to suits "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2001), the Court held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Despite that sweeping definition of prisoner claims that must be exhausted, and although the claimed assault by Boyd is relevant to his claim, the claim itself is for perjury and tampering with evidence in a federal court proceeding and thus does not qualify, under the ordinary meaning of the term, as being "about prison life." The exhaustion requirement does not bar Boyd's action.

[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The district court also stated it dismissed the action as frivolous, citing 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Our review when both of these statutes are referred to remains *de novo*. *Gieger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

[4] *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that "[i]n determining whether to grant a motion to dismiss, the district court must not go 'outside of the pleadings'" except for in the limited exception where documents that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim" are attached to a motion to dismiss).

malicious prosecution states no constitutional claim," that claim alone does not support a *Bivens* action.[5]

However, Boyd's handwritten pro se complaint includes allegations supporting a direct due process claim.[6] Boyd claims that prison employees gave perjured testimony at his criminal trial and destroyed and tampered with video evidence of the alleged assaults. While a malicious prosecution claim does not inevitably entail constitutional deprivation, the government's "manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause."[7] The allegations in Boyd's complaint give rise to claims of direct constitutional deprivation that support a *Bivens* action. We express no view on the validity of any of Boyd's claims, on the accuracy of his factual allegations, or on what decisions the district court should make on remand.

AFFIRMED in part; REVERSED and REMANDED in part.

---

[5] *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) (en banc). Although the claim in *Castellano* was brought under § 1983, while Boyd invokes *Bivens*, the constitutional torts authorized by each are coextensive. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005); *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir.1999) ("A Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials.").

[6] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed.").

[7] *Castellano*, 352 F.3d at 942.