# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-30469
Summary Calendar

ANTOINETTE A. TURNER,

Plaintiff-Appellant

v.

HERBERT A. CADE, Honorable, Personally and In His Capacity as Judge in
the Civil District Court; LAW OFFICE OF GREGORY P. DILEO; GREGORY
P. DILEO, Personally and In Capacity as Staff Attorney for the Law Office of
Gregory P. DiLeo; JENNIFER EAGAN, In Her Official Capacity for the Law
Office of Gregory P. DiLeo; SYLVESTER DILEO, Doctor, In His Personal
Capacity; LAW OFFICES OF FORSTALL, MURA & POWERS, PLLC;
ROBERT J. LANDRY, Personally and In His Capacity as Staff Attorney for
the Law Offices of Forstall, Mura & Powers, PLLC; LAW FIRM OF WOLFF
& WOLFF; CHARLSEY WOLFF, Personally and In Her Capacity as Staff
Attorney for the Law Firm of Wolff & Wolff; LAW OFFICES OF STEIB AND
GARDNER; MYLES B. STEIB, Personally and In His Capacity as Staff
Attorney for the Law Offices of Steib and Gardner; JULIE A. GARDNER, In
Her Capacity as Staff Attorney for the Law Offices of Steib and Gardner;
ANTOINE P. TURNER, In His Personal Capacity; MARCIA S. MONTERO,
In Her Capacity as Staff Attorney for the Law Offices of Forstall, Mura &
Powers, PLLC,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-cv-4951

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Antoinette A. Turner, proceeding *pro se* and *in forma pauperis*, appeals the district court's decision granting Defendants' motion to dismiss her complaint presenting various constitutional and civil rights deprivations in connection with a state court proceeding. For the reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of Appellant's state court suit over an unexecuted sale of immovable property and divorce proceedings between herself and Antoine P. Turner. Appellant brought suit in Louisiana state court against Mr. Turner, Sylvester DiLeo, Charlsey Wolff and her law firm, and Robert J. Landry and his law firm, Forstall, Mura & Powers, PLLC,[1] seeking to recover property located in New Orleans, Louisiana.[2] Defendants Julie A. Gardner and Myles B. Steib and their law firm represented Mr. Turner. Defendants Gregory P. DiLeo, Jennifer Eagan, and the Law Office of Gregory P. DiLeo[3] represented Sylvester DiLeo. Defendant M. Suzanne Montero represented Landry and Forstall, Mura & Powers. Judge Herbert A. Cade presided over the lawsuit, and he sustained exceptions of no cause of action filed by all defendants for various reasons.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As noted in Montero's brief, Forstall, Mura & Powers, PLLC is not actually affiliated with Landry, who is a sole practitioner.

[2] The aforementioned parties were all involved in the unexecuted property transfer. Mr. Turner was to buy the property with Appellant. Sylvester DiLeo was to sell the property to Appellant and Mr. Turner. Landry was to serve as Notary Public for the execution of the sale. Wolff represented Mr. Turner in the divorce proceedings.

[3] The Law Office of Gregory P. DiLeo does not appear to be a legal entity either, despite Appellant naming it as defendant in this case.

Judge Cade dismissed Appellant's claims with prejudice. The Louisiana Supreme Court denied Turner's application for writ of certiorari.

Appellant then brought this suit in federal district court under 42 U.S.C. §§ 1983 and 1985, alleging violations of her rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. She also alleged that Defendants' conduct violated several Louisiana statutes. She alleged that Defendants, excepting Judge Cade, obtained the state court judgment by misconduct and fraud. Appellant claimed that Judge Cade "conspired and colluded" with the rest of Defendants to deprive her of her constitutional and civil rights as well as property rights in the property that was the subject of the state court suit. She asserted that Judge Cade rendered judgment based on fraudulent misrepresentations and false evidence. Appellant requested that the district court find that Defendants violated her constitutional and civil rights and various provisions of Louisiana law.

Defendants moved to dismiss Appellant's claims, asserting that the district court lacked jurisdiction under the *Rooker-Feldman* doctrine,[4] that Appellant failed to state a claim upon which relief can be granted, and that *res judicata* barred Appellant's suit. Judge Cade also asserted that the Eleventh Amendment and absolute judicial immunity shielded him from liability. Wolff, Steib, Gardner, Mr. Turner, Gregory DiLeo, and Sylvester DiLeo also asked for attorney's fees and costs. The district court granted the motion to dismiss based on the *Rooker-Feldman* doctrine, finding that Appellant's lawsuit was a collateral attack on the state court's judgment. The court denied the motion for attorney's fees and costs.

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

On appeal, Appellant claims that Judge Cade violated her rights by failing to hold an evidentiary hearing, and that Defendants did not carry their burden of showing that the case was fully litigated and adjudicated in state court because neither the federal nor the state court held a hearing to classify the status of the immovable property. Defendants argue that the district court correctly applied the *Rooker-Feldman* doctrine and that Appellant fails to state a claim upon which relief can be granted. Judge Cade again argues that the Eleventh Amendment and judicial immunity protect him from suit.

This is not the first time Appellant has challenged a state court proceeding in this Court. Earlier this year, we issued a *per curiam* opinion affirming a district court's dismissal of Appellant's lawsuit on *Rooker-Feldman* grounds. *Turner v. Chase*, No. 08-31180, 2009 WL 1747788 (5th Cir. June 22, 2009) (per curiam). In the previous litigation, Appellant sued all parties involved in her state court divorce proceeding, including several parties to this case. *Id.* at *1. She asserted that those involved in the divorce proceeding conspired to deprive her of her constitutional and civil rights. *Id.*

## II. ANALYSIS

"We review a district court's grant of a motion to dismiss *de novo*." *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009) (emphasis in original) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

A plaintiff cannot "circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original

4

claims for relief," if these claims are "'inextricably intertwined' with a state judgment." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16)). We have also held "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

The sole cause of Appellant's alleged injury is the state court judgment, but Appellant attempts to classify her alleged injury as civil rights violations, which the *Rooker-Feldman* doctrine prohibits. *See Hale*, 786 F.2d at 690–91. Appellant's claims are "inextricably intertwined" with the state court judgment so that this Court could not rule in her favor without overturning the state court. *See Shepherd*, 23 F.3d at 924. Appellant's recourse for any constitutional violations by the Louisiana state courts is on writ of certiorari to the United State Supreme Court. *See Liedtke*, 18 F.3d at 317.

## III. CONCLUSION

The district court correctly concluded that Appellant's complaint was a collateral attack on the state court's judgment. We AFFIRM.

We further order that the request for all attorneys' fees and costs by Defendants Sylvester DiLeo, Law Office of Gregory P. DiLeo, Gregory P. DiLeo, Jennifer B. Eagan, Antoine P. Turner, Julie A. Gardner, Myles B. Steib, Law Offices of Steib and Gardner, Marcia S. Montero, Law Offices of Forstall, Mura & Powers, and Robert J. Landry is DENIED.

AFFIRMED.