# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2011

Lyle W. Cayce
Clerk

No. 10-20484
Summary Calendar

DAVID RODRIGUEZ,

Plaintiff-Appellant

v.

VERNON L. LEWIS, Assistant United States Attorney; ABRAN MARTINEZ,
Assistant United States Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3235

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Rodriguez, federal prisoner # 56264-179, appeals the district court's
dismissal of his civil rights complaint, which he filed pursuant to *Bivens v. Six
Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for
failure to state a claim upon which relief can be granted pursuant to
Rule 12(b)(6) of the Federal Rules of Civil Procedure.  He argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants are not entitled to absolute immunity and that he is entitled to recover punitive damages.

In reviewing a dismissal for failure to state a claim, we "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in favor of the plaintiff." *Elsensohn v. Saint Tammany Parish Sheriff's Office*, 530 F.3d 368, 371-72 (5th Cir. 2008). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

A prosecutor is absolutely immune from suit for any acts taken within the scope of his prosecutorial role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (42 U.S.C. § 1983 case involving state prosecutors); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (*Bivens* case involving federal prosecutors). Rodriguez claims that Assistant United States Attorney Martinez is not entitled to absolute immunity because he knowingly breached the plea agreement when he vigorously argued in favor of various sentencing enhancements during Rodriguez's sentencing hearing for the sole purpose of retaliating against Rodriguez for filing a complaint against him with the State Bar of Texas. Because Martinez was acting within the scope of his employment as a prosecutor during the sentencing hearing, he enjoys absolute immunity from *Bivens* liability. *See Rykers*, 832 F.2d at 897. Martinez remains entitled to absolute immunity even if the acted "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir.1985)

Because Martinez is absolutely immune from suit, he is immune from damages as well. *See Disraeli v. Rotunda*, 489 F.3d 628, 631 (5th Cir. 2007) (noting that absolute immunity denies all remedies to an individual); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1994) (holding that absolute immunity is immunity from suit rather than simply a defense against liability).

Rodriguez also claims that Assistant United States Attorney Lewis, who represented Martinez during the proceedings before the State Bar of Texas, is not entitled to absolute immunity because he failed to investigate the possibility of retaliation by Martinez, he failed to report Martinez's retaliatory conduct, and he allowed Martinez to violate Rodriguez's constitutional rights during the sentencing hearing.  Because Rodriguez has failed to allege that Lewis violated his constitutional rights, Rodriguez's claims against Lewis do not support a *Bivens* action.  *See Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009) (dismissing claim in *Bivens* action for malicious prosecution).

The judgment of the district court is AFFIRMED.