# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
October 29, 2012

Lyle W. Cayce
Clerk

No. 11-41121

ANTHONY BOYD,

Plaintiff - Appellant

v.

JOE D. DRIVER, Warden, Federal Correctional Institution Three Rivers; PHILLIP CHILDS, Associate Warden, Federal Correctional Institution Three Rivers; MIKE DUNGAN, Associate Warden, Federal Correctional Institution Three Rivers; D. MAUNE, Captain; THOMAS WATSON, Lieutenant; E. THOMPSON, Lieutenant; JOHNNY C. PONCE, Corrections Officer; J. SHIPMAN, Corrections Officer; C. SCHMALE, Corrections Officer; RICHARD CASTILLO, Corrections Officer; R. E. TUTTLE, Corrections Officer; ELLIE ANZALDUA, Special Investigations Technician,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:06-cv-22

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is the second appeal in this action under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcs.*, 403 U.S. 388 (1971), in which plaintiff-

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellant Anthony Boyd, a federal prisoner, alleges that prison employees violated his due process rights in connection with an assault prosecution that arose from an altercation between Boyd and prison guards and that resulted in Boyd's acquittal.

In a published opinion, we previously reversed the district court's dismissal of Boyd's suit and held that "Boyd's handwritten pro se complaint includes allegations supporting a direct due process claim[] . . . that prison employees gave perjured testimony at his criminal trial and destroyed and tampered with video evidence of the alleged assaults[,] . . . allegations . . . that support a *Bivens* action" under this court's decision in *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009) (per curiam). Nevertheless, on remand, the district court again dismissed the suit, reasoning that Boyd's allegations did not state a due process claim because he "failed to allege that he served any time pursuant to a conviction obtained through the use of perjured testimony." On appeal, the Government defends this decision, arguing that *Castellano* requires a plaintiff to allege a wrongful conviction in order to state a due process claim for the state's knowing use of false evidence or perjured testimony. However, because this court has already held that Boyd's complaint states a claim under *Castellano*, notwithstanding his acquittal, we must again reverse the district court's judgment of dismissal. Moreover, although the district court correctly determined that Boyd's claim for compensatory damages for mental suffering is barred by the Prison Litigation Reform Act (PLRA), on remand Boyd should be permitted to seek nominal and punitive damages for the alleged constitutional violations.

## BACKGROUND

Boyd filed a pro-se *Bivens* suit in forma pauperis against thirteen Bureau of Prisons employees alleging that they conspired to have him maliciously

prosecuted for assault in federal court after he filed administrative complaints that he was physically abused on two occasions in August 2004 at the Three Rivers Federal Correctional Institution in Three Rivers, Texas. Boyd alleged that certain of the defendants tampered with videotape evidence which showed that he was the handcuffed victim during the incidents in question rather than the aggressor and that certain of the defendants perjured themselves during his federal trial. More specifically, Boyd's complaint states as follows:

> A malicious prosecution conspiracy was initiated against Plaintiff by the [prison] [a]dministration. Warden Driver, Associate Wardens Childs and Dungan, Captain Maune and Special Investigations Technician Anzaldua were responsible for investigating the assault allegations which led to Plaintiff's criminal indictment. All of the above named defendants either conspired to deprive Plaintiff of freedom, failed to prevent this conspiracy or aided in preventing the discovery of this conspiracy.
>
> After the Bureau of Prisons Regional Office received Plaintiff's allegations of two separate assaults by staff, Special Investigations Technician Ellie Anzaldua faxed F.B.I. Special Agent Bill Cassidy statements by staff members alleging that Plaintiff assaulted Lt. Watson on 8-24-04 and Officers Ponce and Castillo on 8-30-04. Although video footage clearly showed Plaintiff was the handcuffed victim, Plaintiff was indicted for assault on October 21, 2004 in Criminal No. V-04-107. Trial commenced on February 14, 2005 and Plaintiff was acquitted on February 16, 2005. The destruction and tampering with the video evidence form the basis of Plaintiff's claim.
>
> In furtherance of the malicious prosecution conspiracy, Lt. Thomas Watson (one of the ringleaders)[,] Lt. E. Thompson, C.O. Johnny C. Ponce, C.O. Shipman, C.O. David Charo, C.O. C. Schmale, C.O. Richard Castillo and C.O. R.E. Tuttle perjured themselves at trial.

Boyd requested "[r]edress for [his] mental suffering and deprivation of rights," in the form of "punitive and compensatory damages [that] total $2,150,000.00."

The district court dismissed the suit as frivolous, holding that it did not need to resolve whether Boyd had sufficiently exhausted his administrative

remedies because, even assuming that he did so, his complaint failed to state a claim. On appeal, this court held that Boyd was not required to exhaust administrative remedies and that dismissal of his claim for malicious prosecution was appropriate. *Boyd*, 579 F.3d at 514-15 & n.2. We continued:

> However, Boyd's handwritten pro se complaint includes allegations supporting a direct due process claim. Boyd claims that prison employees gave perjured testimony at his criminal trial and destroyed and tampered with video evidence of the alleged assaults. While a malicious prosecution claim does not inevitably entail constitutional deprivation, the government's "manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause." The allegations in Boyd's complaint give rise to claims of direct constitutional deprivation that support a *Bivens* action. We express no view on the validity of any of Boyd's claims, on the accuracy of his factual allegations, or on what decisions the district court should make on remand.

*Id.* at 515 (quoting *Castellano*, 352 F.3d at 942 (footnotes omitted)). We thus affirmed the judgment of the district court in part, reversed in part, and remanded for further proceedings. *Id.* The Government filed a petition for rehearing, arguing that Boyd could not state a valid due process claim because he had failed to allege that he was deprived of a liberty interest. We denied the petition.

On remand to the district court, the Government once again moved to dismiss. The district court again granted the Government's motion, concluding this time that Boyd had failed to state a due process claim because, although "[t]he knowing use of false testimony by a government official is a denial of due process *if it is used to obtain a conviction*[,] . . . Boyd . . . failed to allege that he served any time pursuant to a conviction obtained through the use of perjured testimony." Additionally, the district court concluded that "Boyd's alleged facts concerning the so-called tampering of the tape are so generalized that the court

cannot speculate as to the grounds for relief to the extent that Boyd's complaint is subject to dismissal." Finally, the district court also concluded that because Boyd had not suffered any physical injury as a result of the defendants' alleged evidence tampering and perjury, the PLRA barred him from recovering compensatory damages for mental and emotional injuries; and that he failed to allege "reckless indifference" to his rights so as to entitle him to seek punitive damages.

The district court entered judgment dismissing Boyd's suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Boyd timely appealed.

## STANDARD OF REVIEW

"We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citations omitted).

## DISCUSSION

We are compelled to once again reverse. This court has already held that Boyd's complaint adequately alleges a claim under *Castellano*, despite his acquittal in the underlying criminal proceedings, *Boyd*, 579 F.3d at 515, and both we and the district court are bound by that holding. Additionally, while the district court correctly held that the PLRA bars Boyd from seeking compensatory damages, Boyd may pursue nominal and punitive damages for the alleged violation of his due process rights under *Castellano*.

## I.

In *Castellano*, the en banc court "decide[d] that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." *Castellano*, 352 F.3d at 942. However, *Castellano* also held that allegations of "the manufacturing of evidence and knowing use of perjured testimony attributable to the state" can form the basis for a due process claim actionable under § 1983. *Id.* at 958.

*Castellano* involved a situation in which the officers' alleged manufacturing of evidence and perjured testimony led to a conviction, albeit one that was later set aside. Thus, *Castellano* did not address whether the new species of due process claim it recognized could be raised by allegations that similar alleged conduct led to a criminal prosecution that terminated in acquittal. *Compare, e.g.*, *id.* at 942 ("[A] state's manufacturing of evidence and knowing use of that evidence along with perjured testimony *to obtain a wrongful conviction* deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause[] . . . ." (emphasis added)), *with id.* at 959 ("We have no occasion here to consider afresh the federal common law footing of our insistence that a state criminal proceeding *terminate in favor of a federal plaintiff* complaining of constitutional deprivations suffered in a state court *prosecution*, a rule reflecting powerful governmental interests in finality of judgments." (emphases added)).[1]

[1] In our earlier malicious prosecution cases, we had "adopted the common law element that the plaintiff show proof of favorable termination of the prosecution" because of a "concern that plaintiffs would relitigate state convictions in federal court." *Castellano*, 352 F.3d at 948 (citing *Brummett v. Camble*, 946 F.2d 1178, 1183 (5th Cir. 1991)). This generally required that the criminal case must have resulted in an acquittal. *See Brummett*, 946 F.2d at 1183 ("Absent a . . . requirement of 'favorable termination' for the constitutional tort of malicious prosecution, a plaintiff could state a § 1983 claim even in cases in which he was ultimately convicted."). In *Castellano*, the en banc court explained that this favorable termination

However, our earlier decision in this case held that Boyd's complaint stated a claim under *Castellano*, despite the fact that he was acquitted in the criminal proceeding he alleges resulted from the defendants' unlawful conduct. In introducing Boyd's claims, this court specifically noted that "[Boyd] *was tried and acquitted* in federal court." *Boyd*, 579 F.3d at 514 (emphasis added). While the court rejected Boyd's freestanding "malicious prosecution" claim as foreclosed by *Castellano*, it held that "Boyd's handwritten pro se complaint includes allegations supporting a direct due process claim," and further stated that "[t]he allegations in Boyd's complaint give rise to claims of direct constitutional deprivation that support a *Bivens* action." *Id.* at 515.

In light of this previous holding that Boyd's complaint states a claim under *Castellano*, despite the fact that Boyd was acquitted of the assault charges related to his claim, the district court's conclusion that Boyd nevertheless failed to state a cognizable due process claim because he was not convicted was error. We have been emphatic that district courts must faithfully apply the mandates of our opinions on remand:

> "The mandate rule requires a district court on remand to effect our mandate and to do nothing else." Further, on remand the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." "In implementing the mandate, the district court must 'take into account the appellate court's opinion and the circumstances it embraces.'" Because the mandate rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."

*Gen. Universal Systems, Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citations omitted). By expressly recognizing that Boyd had been acquitted of the assault charges but nonetheless concluding that he stated a claim under

requirement was satisfied because the state courts had ultimately set aside Castellano's conviction. *See id.* at 959 & n.111.

*Castellano*, the 2009 *Boyd* panel at least "implicitly decided" the question of whether *Castellano* requires a wrongful conviction in the underlying criminal case. *See id.*[2]

Therefore, the district court erred in concluding that Boyd's complaint fails to state a claim under *Castellano* because Boyd was not convicted of the assault charges.

**II.**

In addition to concluding that the absence of a wrongful conviction was fatal to his claim, the district court also reasoned that Boyd's allegations did not entitle him to either the compensatory or punitive damages he sought. First, the district court determined that Boyd did not allege "actual injury" resulting from the defendants' alleged conduct, precluding compensatory damages, because the PLRA "bars prisoners from recovering compensatory damages for mental and emotional injuries where no physical injury has been shown." *See* 42 U.S.C. § 1997e(e). Second, the district court held that Boyd failed to allege "that the defendants acted with reckless indifference to [his] constitutional rights," precluding entitlement to punitive damages. We conclude that the district court correctly held that the PLRA bars Boyd from seeking compensatory damages based on mental or emotional suffering, but erred in concluding that Boyd cannot seek nominal or punitive damages.

First, as the district court held, Boyd failed to allege any actionable, actual injury resulting from the defendants' alleged evidence tampering and perjury. Boyd's complaint, and its construction by this court in our earlier opinion, both

---

[2] The related law-of-the case doctrine likewise forecloses us from reaching a different answer to this question than that reached by the prior panel. This court recently reiterated that "[u]nder [the law-of-the-case] doctrine, the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal." *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012) (citing *United States v. Carales–Villalta*, 617 F.3d 342, 344 (5th Cir. 2010)).

centered on his allegations that the defendants "gave perjured testimony at his criminal trial and destroyed and tampered with video evidence of the alleged assaults," and the constitutional deprivation he alleged did not arise from the alleged physical abuse in the underlying incident. *See Boyd*, 579 F.3d at 515. The PLRA provides that "*[n]o federal civil action* may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (emphasis added). This court has read the expressly broad language of this provision to apply not only to Eighth Amendment claims but also to other constitutional violations not usually accompanied by physical injury. *See Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (per curiam); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam). Thus, the district court was correct to hold that the PLRA precludes Boyd from seeking compensatory damages for the mental suffering he alleged resulted from defendants' conduct.

However, in *Hutchins*, this court "recognize[d] that § 1997e(e) does not bar [a prisoner]'s recovery of nominal or punitive damages." *Hutchins*, 512 F.3d at 198. Moreover, both nominal and punitive damages are recoverable in a civil rights action notwithstanding the absence of any entitlement to compensatory damages. *See id.* at 197 ("[P]unitive damages 'may stand in the absence of actual damages where there has been a constitutional violation.'" (quoting *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003)); *Williams*, 352 F.3d at 1014 ("The law is well-established in this Circuit that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury.").

The district court also reasoned that Boyd failed to state a claim of entitlement to punitive damages because his allegations did not indicate that the

defendants acted with a sufficient level of "reckless indifference to [his] constitutional rights." We disagree.

Under our precedent, "punitive damages may be awarded [to a civil rights plaintiff] only when the defendant's conduct is motivated by evil intent *or* demonstrates reckless or callous indifference to a person's constitutional rights." *Williams*, 352 F.3d at 1015 (internal quotation marks omitted) (quoting *La. ACORN Fair Housing v. LeBlanc*, 211 F.3d 298, 303 (5th Cir. 2000)). "The latter standard requires recklessness in its subjective form, i.e. a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations." *Id.* (internal quotation marks omitted) (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)). In *Williams*, we held the "reckless indifference" standard easily satisfied where the evidence indicated that the defendant sheriff conducted strip searches of numerous individuals in contravention of precedent holding "that [the sheriff] needed individualized probable cause to search each of the plaintiffs." *Id.*

Here, the district court erred in concluding that Boyd failed to adequately allege an entitlement to relief in the form of punitive damages sufficient to survive a 12(b)(6) motion. First, Boyd's allegations satisfy the reckless indifference standard. At the time of the defendants' alleged conduct, which occurred in or after August 2004, this court had already held in *Castellano* that the "manufacturing of evidence and knowing use of that evidence along with perjured testimony . . . deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause." *Castellano*, 352 F.3d at 942. The conduct alleged here is almost precisely that held to constitute a constitutional violation in *Castellano*. *See Boyd*, 579 F.3d at 515. Boyd's allegations of a conspiracy by prison guards to maliciously fabricate evidence and engage in perjury also satisfy the alternative "evil intent" standard, as those allegations

are plainly inconsistent with an innocent or merely negligent mindset. *See Williams*, 352 F3d at 1015.

Accordingly, the district court erred in concluding that Boyd failed to adequately allege a plausible entitlement to relief.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's dismissal of Boyd's complaint for failure to state a claim under Rule 12(b)(6) and REMAND for proceedings consistent with this opinion.