# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

No. 12-20760
Summary Calendar

Lyle W. Cayce
Clerk

SHIRLEY LABLANCHE, (Mother of Decedent) In The Estate of Kent R, Lablanche Deceased,

Plaintiff - Appellant

v.

DR. ZULFIQAR AHMAD, M.D.; Jointly and Severally; DOCTORS & SURGEONS NATIONAL RISK RETENTION GROUP, Jointly and Severally; THE STATE OF ARIZONA, Jointly and Severally,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 4:12-CV-2495

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shirley LaBlanche appeals the district court's order granting defendants' motions to dismiss her claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20760

## FACTS AND PROCEEDINGS

LaBlanche brought this diversity suit pro se in the Southern District of Texas on behalf of her deceased son, Kent. In it, she alleged that Dr. Zulfiqar Ahmad, Doctors and Surgeons National Risk Retention Group (his insurer), and the State of Arizona (collectively, the "defendants") committed medical malpractice, medical fraud, and fraud of death certificate.[1] All defendants filed motions to dismiss, which they served on LaBlanche by mailing them to the address she provided.

The district court granted Arizona's motion to dismiss after LaBlanche failed to respond to the motion and did not appear at the court's hearing on the issue. It based its dismissal on the State's sovereign immunity, as well as the court's lack of subject matter jurisdiction and LaBlanche's failure to state a claim and properly plead. One month later, the district court granted the other defendants' motions, to which LaBlanche also had failed to respond, for lack of personal jurisdiction over the doctor and his insurer and improper venue. It then issued final judgment.

LaBlanche twice moved to vacate the district court's judgment, claiming that she was never served with defendants' motions to dismiss. The district court ordered defendants to file proof of service. After reviewing their submissions, it found that defendants properly mailed their motions to the address LaBlanche provided. The district court concluded that, under Federal Rule of Civil Procedure 5(b)(2)(C), service was complete upon mailing, and it must deny her motions.

---

[1] She had previously brought the same claims against Dr. Ahmad (but not the other defendants) in the Southern District, which the district court dismissed for lack of personal jurisdiction three months before she filed the present suit.

2

No. 12-20760

LaBlanche appeals the dismissals, arguing that the district court erred dismissing her claims because she did not receive notice of defendants' motions to dismiss.[2]

## DISCUSSION

"We review a district court's grant of a motion to dismiss *de novo*." *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009). LaBlanche does not challenge the substance of the district court's orders dismissing her claims, but contends that we should vacate the district court's judgment because the United States Postal Service "negligently delivered the certified mailed notices and dismissal motions to Plaintiff after the [hearing on Arizona's motion to dismiss,] which denied Plaintiff proper/sufficient notice and defense."[3]

Under Federal Rule of Civil Procedure 5(b)(2)(C), a party properly serves a motion on its opponent by "mailing it to the person's last known address – in which event service is complete upon mailing." Such notice also comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citation omitted).[4] Defendants' efforts to provide LaBlanche with notice complied with the Federal Rules of Civil Procedure and were reasonably calculated to apprise her of their motions. The district court, therefore, did not err in dismissing LaBlanche's claims.

---

[2] Although LaBlanche's briefing is sparse, "we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[3] She does not dispute that she received the notices before the deadline for filing her responses to Dr. Ahmad's and his insurer's motions to dismiss.

[4] There is no evidence on the record that defendants or the district court knew prior to judgment that defendants' attempts to provide notice failed. *Cf. Jones v. Flowers*, 547 U.S. 220, 225-26 (2006).

No. 12-20760

## CONCLUSION

For the reasons given above, the district court's orders granting defendants' motions to dismiss are AFFIRMED.