**Nicholas C. DANIELS; Rowena Daniels, Plaintiffs–Appellants**

v.

**JP MORGAN CHASE BANK; Federal Home Loan Mortgage Corporation, Defendants–Appellees.**

**No. 13–41083**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 23, 2014.

Nicholas C. Daniels, Carrollton, TX, pro se.

Rowena Daniels, Carrollton, TX, pro se.

Marcie Lynn Schout, Esq., William Lance Lewis, Esq., Quilling, Selander, Lownds, Winslett & Moser, P.C., Dallas, TX, for Defendants–Appellees.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiffs–Appellants Nicholas and Rowena Daniels appeal from the district court's denial of their motion to vacate the order of dismissal under Federal Rules of Civil Procedure 59(e) and 60(b)(3), and from the district court's denial of their motion to amend under Federal Rule of Civil Procedure 15(a)(1)(B). For the reasons below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

### a. Relief Under Rule 59(e)

Appellants first contend that the district court erred in denying their motion to vacate under Rule 59(e). Appellants assert that they are entitled to relief under Rule 59(e) because Appellees did not properly serve their motion to dismiss under Rule 5. Rule 5(b)(2)(C) provides that a party properly serves a motion on its opponent by "mailing it to the person's last known address." Rule 5(b)(2)(C) further provides that "service is complete upon mailing." Appellees presented evidence of service under Rule 5(b)(2)(C), including (1) a declaration under the penalties of perjury stating that Appellees mailed copies of their motion to Appellants' last known address at 2009 Crestwood Drive by both certified and regular first-class mail on April 22, 2013; and (2) a photocopy of a payment receipt that reflects that Appellees sent certified mail to Appellants' address. The district court found that Appellees presented sufficient evidence of service in compliance with Rule 5(b)(2)(C).

Appellants assert that Appellees' service of their motion to dismiss did not comply with Rule 5 because Appellants did not receive the motion. Rule 5(b)(2)(C), however, provides that service by mail "is complete upon mailing." *See Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1168 n. 5 (5th Cir.1980); *LaBlanche v. Ahmad*, 538 Fed.Appx. 463, 464–65 (5th Cir.2013); *Zamudio v. Mineta*, 129 Fed.Appx. 79, 80 (5th Cir.2005). Even if receipt were relevant to the Rule 5(b)(2)(C) analysis, Appellants did not present any evidence in the district court, such as an affidavit or declaration, indicating that they did not receive Appellees' first class mailing. Accordingly, Appellants have not shown that the district court abused its discretion in denying relief under Rule 59(e).[1]

### b. Relief Under Rule 60(b)(3)

Appellants next contend that the district court erred in denying their motion to vacate under Rule 60(b)(3). Rule 60(b)(3) permits relief from judgment where an opposing party has engaged in fraud, misrepresentation, or misconduct. The party seeking relief bears the burden of proving fraud or misconduct by clear and convincing evidence. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir.2005). Although Appellants allege that Appellees "lied" in their declaration, Appellants did not provide clear and convincing evidence to support this allegation. Accordingly, the district court did not abuse its discretion in denying relief under Rule 60(b)(3). *See id.* at 638.

### c. Amendment as of Right under Rule 15(a)(1)(B)

Finally, Appellants contend that the district court erred in denying them the opportunity to amend their complaint once as of right under Rule 15(a)(1)(B). This Rule provides that a party "may amend its pleading once as a matter of course within . . . 21 days after service of a motion under

---

1. Appellants did not request leave of the district court to file an opposition to Appellees' motion to dismiss out of time. Rather, Appellants only challenged Appellees' compliance with Rule 5. Accordingly, this court need not address whether Appellants' alleged non-receipt of Appellees' motion to dismiss would have, upon motion, entitled Appellants to an extension of time to file an opposition to Appellees' motion on the ground of excusable neglect. *See* Wright & Miller, *Federal Practice & Procedure: Civil* § 1148 (3d ed. 2014) ("Since [Rule 5(b)(2)] expressly directs that service is complete upon mailing, nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of the service of the papers, although nonreceipt of the paper may justify the court finding excusable neglect on the part of the intended recipient and permit her to . . . make any appropriate response out of time.").

Rule 12(b)." Fed.R.Civ.P. 15(a)(1)(B). As stated above, service of a motion by mail "is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C). Appellees presented evidence that they mailed their Rule 12(b)(6) motion on April 22, 2013, in compliance with Rule 5(b)(2)(C). When Appellants sought to amend their complaint on July 22, 2013, the time to amend as of right had elapsed. Accordingly, the district court's denial of Appellants' motion did not deny Appellants the opportunity to amend once as of right under Rule 15(a)(1)(B).

For the foregoing reasons, the district court's orders are AFFIRMED.