# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10036

JEFFREY M. RAINEY,

      Plaintiff - Appellant

v.

CITIGROUP, INCORPORATED,

      Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2313

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jeffrey Rainey appeals the district court's order granting defendant's motion to dismiss and to compel arbitration. We affirm.

I.

Rainey sued his employer Citigroup ("Citigroup" or "defendant") alleging age discrimination and retaliation in connection with alleged unfair performance ratings. Citigroup served Rainey with a motion to dismiss and to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10036

compel arbitration by emailing him and also by mailing him the documents via United States mail. Rainey did not respond. Citigroup then filed a motion to stay proceedings pending the district court's decision on its prior motion. Rainey again did not respond. The district court then granted Citigroup's first motion, compelling arbitration and dismissing the case with prejudice. The district court's order noted that Rainey had not responded to the motion.

While conceding that he is "obligated to dispute charges [. . .] through arbitration," Rainey argues on appeal that the dismissal of his complaint violated due process because he did not have actual notice of the filing of defendant's motion. Rainey also claims that the district court erred in dismissing his claims with prejudice.

## II.

"We review a district court's grant of a motion to dismiss *de novo*." *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009). Rainey does not challenge the substance of the district court's order dismissing his claims and compelling arbitration, but he contends that we should vacate the dismissal because he did not consent to electronic service and did not physically receive a copy of the notice in the mail. We disagree.

Under Federal Rule of Civil Procedure 5(b)(2)(C), a party properly serves a motion on its opponent by "mailing it to the person's last known address—in which event service is complete upon mailing." This notice comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The certificate of service attached to defendant's motion to dismiss and to compel arbitration reflects that service was complete on September 27, 2018, when defendant mailed it to Rainey's last known address. Defendant's efforts

2

No. 19-10036

to provide Rainey with notice complied with the Federal Rules of Civil Procedure and were reasonably calculated to apprise him of its motions. *See, e.g.*, *LaBlanche v. Ahmad*, 538 F. App'x 463, 464–65 (5th Cir. 2013). Furthermore, dismissal, as opposed to a stay pending arbitration, is proper "when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis omitted); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright."). Rainey unequivocally concedes that he is bound to arbitrate all claims raised against Citigroup. The district court, therefore, did not err in dismissing Rainey's claims with prejudice and compelling arbitration.[1]

AFFIRMED.

---

[1] To the extent Rainey relies on Federal Rule of Civil Procedure 41(b) and related precedent to support his argument that dismissal with prejudice was improper, he is mistaken: the district court did not rely on Rule 41(b) when dismissing the case and compelling arbitration. Additionally, this circuit recognizes that district courts have discretion to dismiss with prejudice rather than stay litigation pending arbitration. *See, e.g.*, *Pacheco v. PCM Const. Servs, L.L.C.*, 602 F. App'x 945, 949 n.2 (5th Cir. 2015) (citing *Alford*, 975 F.2d at 1164).